# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 26, 2008

VIA ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    *Riverbed Technology Inc. v. Quantum Corporation, et al.,*
             C.A. No. 08-016-SLR

Dear Judge Robinson:

      We represent the defendants in the above action, and we are writing, at the express request of The Honorable William Alsup of the United States District Court for the Northern District of California (the "California Court"), to provide Your Honor with a copy of Judge Alsup's February 25, 2008 order (the "Order") in a related case pending in the California Court captioned *Quantum Corporation v. Riverbed Technology, Inc.*, C.A. No. C 07-04161 WHA (the "California Action").

      The California Action was filed by Quantum in August 2007 and alleged infringement of the '810 patent (the "Quantum Patent"). Riverbed counterclaimed, *inter alia,* for infringement of the '249 patent. Riverbed successfully moved for dismissal of Quantum's California complaint based on a technical defect in Quantum's exclusive license. That defect quickly was cured, and Quantum has since moved, at Judge Alsup's suggestion, to amend the California pleadings to add its infringement claims back to the California Action. However, before Quantum could cure the licensing defect, Riverbed filed this declaratory judgment action on the Quantum Patent in Delaware, and now claims its Delaware case to be the first-filed action on the Quantum Patent. On February 14, 2008, defendants filed a motion in this Delaware action to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, or in the alternative, to transfer to the California Court (D.I. 12).

      Judge Alsup's order provides, in pertinent part, as follows, and as His Honor requested, we have provided Your Honor with the attached copy:

> [I]t would be best for all litigation on all sides to be administered by the same judge and for both patents and infringement actions to proceed before a single jury . . . . This probably means either the Delaware action

The Honorable Sue L. Robinson
February 26, 2008
Page 2

should be transferred here or this action should be transferred to Delaware. Since there is already a motion pending in Delaware to dismiss the claim or in the alternative transfer, it is prudent to allow Judge Sue Robinson to make this determination. The undersigned would be willing to take on the entire controversy just as Judge Robinson is undoubtedly willing to do so. Counsel will please immediately provide Judge Robinson a copy of this order. Counsel should continue to brief the pending motions but a ruling on them may be delayed pending a decision in Delaware.

Respectfully,

*/s/ Tiffany Geyer Lydon*

Tiffany Geyer Lydon (I.D. #3950)

Enclosure
cc:   Jeffrey L. Moyer, Esquire (via electronic mail w/encl.)
      Claude M. Stern, Esquire (via electronic mail w/encl.)
      Amar L. Thakur, Esquire (via electronic mail w/encl.)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUANTUM CORPORATION,

    Plaintiff,

v.

RIVERBED TECHNOLOGY, INC.,

    Defendant.

AND RELATED COUNTERCLAIMS.

No. C 07-04161 WHA

**ORDER DENYING EXPEDITED TREATMENT**

    This action was filed by Quantum on August 14, 2007, alleging infringement of U.S. Pat. No. 5,990,810. Riverbed counterclaimed alleging infringement of U.S. Pat. No. 7,116,249. On January 9, 2008, Riverbed filed a separate declaratory action in Delaware seeking a declaration of invalidity and non-infringement of the '810 patent. An order dated February 4, 2008, dismissed Quantum's infringement claim on the ground that it lacked the proper standing at the time this action was filed. Quantum then filed a motion on February 14 for leave to file its first amended reply to include its infringement claim as a counterclaim to this action. On the same day, Quantum also filed a motion in Delaware to dismiss the declaratory action or in the alternative to transfer the '810 patent claim to this Court. Quantum then filed a motion to shorten time for hearing on its motion for leave to file its counterclaims.

    Quantum's motion to shorten time is **DENIED**. We need to step back and take a larger view. What is really going on in this controversy is that each company is trying to be the first

1  to deal a mortal blow to the other by being the first to obtain an adverse judgment or injunction.
2  Each side seeks to anchor its affirmative case in a district where it expects swifter proceedings.

3  From a practical judicial-administration viewpoint, however, it would be best for all
4  litigation on all sides to be administered by the same judge and for both patents and
5  infringement actions to proceed before a single jury, thus taking the first-mortal-wound risk out
6  of the calculus and requiring the controversy to be adjudicated on the merits.  This probably
7  means either the Delaware action should be transferred here or this action should be transferred
8  to Delaware.  Since there is already a motion pending in Delaware to dismiss the claim or in the
9  alternative transfer, it is prudent to allow Judge Sue Robinson to make this determination.  The
10 undersigned would be willing to take on the entire controversy just as Judge Robinson is
11 undoubtedly willing to do so as well.  Counsel will please immediately provide Judge Robinson
12 a copy of this order.  Counsel should continue to brief the pending motions but a ruling on them
13 may be delayed pending a decision in Delaware.

15 **IT IS SO ORDERED.**

17 Dated: February 25, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2