🖎 AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____ Delaware _____ on the following    X Patents or    ☐ Trademarks:

| DOCKET NO.<br>08cv16 | DATE FILED<br>1/9/08 | U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |
|---|---|---|
| PLAINTIFF<br>Riverbed Technology Inc. | | DEFENDANT<br>Quantum Corporation<br>A.C.N. 120 786 012 PTY Ltd.<br>Rocksoft Ltd. |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 5,990,810 | 11/23/99 | Ross Neil Williams |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
|---|---|---|---|
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | 5,990,810 | 11/23/99 | Ross Neil Williams |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| The case was transferred to the USDC for the Northern District of CA. (see DI 22 attached) |

| CLERK<br>PETER T. DALLEO, CLERK OF COURT | (BY) DEPUTY CLERK<br>Francesca Tassone | DATE<br>3/7/2008 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RIVERBED TECHNOLOGY INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-16-SLR |
| | ) | |
| QUANTUM CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

At Wilmington this 27th day of February, 2008, having reviewed the pending

motion to dismiss or, in the alternative, to transfer, as well as the parties' submissions

regarding jurisdictional discovery, oral argument, and Judge Alsup's order;

IT IS ORDERED that the motion to dismiss is denied and the motion to transfer

is granted (D.I. 12), based on the procedural history of this litigation.[1]  Although I

generally honor a plaintiff's choice of venue, I conclude that the California case is the

first-filed in the context of the dispute between these parties.  Moreover, consistent with

Judge Alsup's order, it makes sense from "a practical judicial-administration viewpoint"

---

[1]More specifically, plaintiff in the case at bar, Riverbed, was sued in California by
defendant Quantum for infringing Quantum's '810 patent; Riverbed counterclaimed for
infringement of its '249 patent and successfully moved for dismissal of Quantum's
California complaint based on a defect in Quantum's exclusive license.  Before
Quantum could cure the defect, Riverbed filed the above declaratory judgment action in
this court, leaving Riverbed the counterclaim plaintiff in the California action and the
declaratory judgment plaintiff at bar.  (D.I. 20)

Case 1:08-cv-00016-SLR    Document 22    Filed 02/27/2008    Page 2 of 2

to have the entire dispute resolved through a single judge and jury. (D.I. 20)  Therefore,

although briefing is not complete, I conclude it would be a waste of the court's and

parties' resources to pursue discovery or a further briefing practice on the pending

motion and hereby order that the above captioned case be transferred to the United

States District Court for the Northern District of California.  The order scheduling oral

argument (D.I. 17) is moot.


_____
United States District Judge