AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, CAL. BAR NO. 93304
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:    858-720-8900
Facsimile:    858-509-3691
Email: athakur@sheppardmullin.com
        mflores@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: nbruno@sheppardmullin.com

Attorneys for
QUANTUM CORPORATION, A.C.N. 120 786 012
PTY. LTD., and ROCKSOFT LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUANTUM CORPORATION, a Delaware Corporation, A.C.N. 120 786 012 PTY. LTD., an Australian Company, and ROCKSOFT LTD., an Australian Company, <br><br> Defendants. | Case No. C-08-1314-WHA <br><br> **DEFENDANTS' [QUANTUM CORPORATION, A.C.N. 120 786 012 PTY. LTD., AND ROCKSOFT LTD.] ANSWER TO PLAINTIFF RIVERBED TECHNOLOGY, INC.'S COMPLAINT** <br><br> **AND** <br><br> **DEMAND FOR JURY TRIAL** |

## ANSWER

Defendants QUANTUM CORPORATION ("Quantum"), A.C.N. 120 786 012 PTY. LTD. ("A.C.N. 120"), and ROCKSOFT LTD. ("Rocksoft") and each of them (collectively "Defendants"), by their counsel, hereby respectfully answer the Complaint originally filed by Plaintiff RIVERBED TECHNOLOGY, INC. ("Riverbed" or "Plaintiff") in Civil Action No. 08-16-SLR in the District of Delaware, which Complaint and action were transferred to this district and received and processed by the Clerk of this district as the above-captioned action on March 10, 2007, as follows:

## PARTIES

1. Defendants admit that Riverbed is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 199 Fremont Street, San Francisco, California, 94105. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1 of Riverbed's Complaint, and on that basis deny all such allegations both generally and specifically.

2. Defendants admit the allegations contained in paragraph 2 of Riverbed's Complaint.

3. Defendants admit the allegations contained in paragraph 3 of Riverbed's Complaint.

4. Defendants admit that Rocksoft Pty Limited is an Australian company organized and existing under the laws of Australia, with a place of business at 175 Fullarton Road, Level 1, Dulwich, SA 5065, Australia. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 4 of Riverbed's Complaint.

5.  Defendants admit that A.C.N. 120 is a wholly-owned subsidiary of Quantum. Defendants further admit that Rocksoft Pty Limited is a wholly-owned subsidiary of A.C.N. 120. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 5 of Riverbed's Complaint.

## JURISDICTION AND VENUE

6.  Defendants admit the allegations contained in paragraph 6 of Riverbed's Complaint.

7.  Defendants admit this Court has personal jurisdiction over Quantum. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 7 of Riverbed's Complaint.

8.  Defendants admit this Court has personal jurisdiction over Quantum and that Riverbed's claim against Quantum is properly venued in the Northern District of California. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 8 of Riverbed's Complaint.

## EXISTENCE OF ACTUAL CONTROVERSY

9.  Defendants admit the allegations contained in paragraph 9 of Riverbed's Complaint.

10. Defendants admit the allegations contained in paragraph 10 of Riverbed's Complaint.

11.     Defendants admit that Riverbed alleged that Quantum lacked standing to bring its original action against Riverbed claiming infringement of U.S. Patent No. 5,990,810 (the "'810 patent"), and that the Honorable William H. Alsup dismissed Quantum's claim for infringement of the '810 patent by way of an order dated February 4, 2008 [Docket No. 73 in Case No. C-07-04161-WHA], but further allege that Quantum was granted leave to re-assert its claim for infringement of the '810 patent as a counterclaim in Case No. C-07-04161-WHA by way of an order dated March 4, 2008 [Docket No. 92 in Case No. C-07-04161-WHA], and Quantum did so on March 7, 2008, such that its claim for infringement of the '810 patent against Riverbed is now live once again in Case No. C-07-04161-WHA. Because the specific allegations of paragraph 11 of Riverbed's Complaint are vague, ambiguous, unintelligible, argumentative, moot, and irrelevant to this action or as applied to this action at this time, Defendants are without knowledge or information sufficient to form a belief as to said allegations, and on that basis deny all such allegations both generally and specifically.

12.     Defendants admit that Quantum has sued Riverbed for infringement of the '810 patent. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 12 of Riverbed's Complaint.

13.     Defendants admit that an actual, justiciable controversy exists between Quantum, on the one hand, and Riverbed, on the other hand, as to whether the '810 patent is valid and/or infringed. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 13 of Riverbed's Complaint.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement)**

14.     Defendants incorporate their answers to paragraphs 1 through 13 of Riverbed's Complaint as if set forth fully herein.

-4-

15. Defendants deny the allegations contained in paragraph 15 of Riverbed's Complaint.

16. Defendants admit that an actual controversy as to Riverbed's infringement of the '810 patent exists between Quantum, on the one hand, and Riverbed, on the other hand, under 28 U.S.C. §§ 2201 and 2202. Defendants further admit that Riverbed's Complaint, and specifically paragraph 16 thereof, purports to seek a judgment that Riverbed does not infringe the '810 patent. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 16 of Riverbed's Complaint.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Invalidity)**

17. Defendants incorporate their answers to paragraphs 1 through 16 of Riverbed's Complaint as if set forth fully herein.

18. Defendants deny the allegations contained in paragraph 18 of Riverbed's Complaint.

19. Defendants admit that an actual controversy as to the validity of the '810 patent exists between Quantum, on the one hand, and Riverbed, on the other hand, under 28 U.S.C. §§ 2201 and 2202. Defendants further admit that Riverbed's Complaint, and specifically paragraph 19 thereof, purports to seek a judgment that the '810 patent is invalid. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 19 of Riverbed's Complaint.

## EXCEPTIONAL CASE

20.  Defendants deny the allegations contained in paragraph 20 (*i.e.*, the "Exceptional Case" section) of Riverbed's Complaint.

## PRAYER FOR RELIEF

Defendants deny that Riverbed is entitled to any relief of any kind.

# DEFENDANTS' AFFIRMATIVE DEFENSES

Without altering the burden of proof, Defendants assert the following affirmative defenses. Defendants presently have insufficient knowledge and information on which to form a belief as to whether they may have as yet unstated affirmative defenses available to Riverbed's Complaint. Defendants' investigation of their defenses is continuing. Defendants reserve herein the right to assert further defenses other than those specifically set forth herein, including any affirmative or other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that may now exist or in the future be available in the event that discovery and further investigation indicates any such affirmative defenses would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Riverbed's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Because Riverbed unreasonably delayed in asserting some or all of the purported claims in its Complaint, thereby prejudicing Defendants, the doctrine of laches bars those claims and extinguishes or limits any potential relief available to Riverbed.

## THIRD AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

Riverbed's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Riverbed as follows:

(1)   That judgment be entered on Riverbed's Complaint, and each and every claim therein, in favor of Defendants and against Riverbed, and that Riverbed be granted no relief thereon, or, in the alternative, that Riverbed's Complaint, and each and every claim therein, be dismissed with prejudice and without leave to amend;

(2)   A declaration that this is an exceptional case, and for an award to Defendants of their attorneys' fees, costs, and other expenses pursuant to 35 U.S.C. § 285; and

(3)   That Defendants be awarded such other and further relief as the Court may deem just under the circumstances.

Dated:  March 17, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By

/s/ Nathaniel Bruno
AMAR L. THAKUR
MAURICIO A. FLORES
NATHANIEL BRUNO

Attorneys for
QUANTUM CORPORATION, A.C.N. 120 786 012 PTY. LTD., and ROCKSOFT LTD.

**DEFENDANTS' DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury on all issues raised herein so triable.

Dated: March 17, 2008

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                By

                /s/ Nathaniel Bruno
                AMAR L. THAKUR
                MAURICIO A. FLORES
                NATHANIEL BRUNO

                Attorneys for
                QUANTUM CORPORATION, A.C.N. 120 786 012 PTY. LTD., and ROCKSOFT LTD.